931 F.2d 888
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard Douglas HOLLAND, Defendant-Appellant.
 No. 90-6857.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1991.
Decided May 3, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. W. Earl Britt, District Judge. (CR-87-13)
 Joseph Lomax Jordan, Jr., Lafayette, Louisiana, for appellant.
 G. Norman Acker, III, Assistant United States Attorney, Raleigh, N.C. (argued) for appellee; Margaret Person Currin, United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 After a jury trial which resulted in his criminal conviction, Bernard Holland moved for a new trial on the grounds that the government wrongfully withheld exculpatory evidence and that newlydiscovered evidence tends to exonerate him. The district court denied Holland's motion, and we affirm.
 
 
 2
 A jury found Holland guilty of two counts of interstate transportation in aid of racketeering, in violation of 18 U.S.C. Sec. 1952, for driving a truck loaded with marijuana. We affirmed the district court's judgment. United States v. Holland, 866 F.2d 1416 (4th Cir.1989). Holland subsequently filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The district court denied Holland's motion, and this appeal followed.
 
 
 3
 Holland seeks a new trial for two reasons. First, he argues that the government did not fully disclose exculpatory evidence, and thus violated the rules articulated in Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). Second, Holland argues that newly-discovered evidence--the testimony of one witness and the recantation of another--tends to exculpate him. Holland contends that the prosecutor failed to disclose that Jack Robison, a potential government witness, had evidence favorable to Holland. Holland also argues that the evidence did not come to Holland's attention until after the trial ended, when Robison testified before a grand jury in a related case.
 
 
 4
 The government must disclose to a defendant any material exculpatory evidence in its possession or of which it reasonably has knowledge. See Brady, 373 U.S. at 87; Agurs, 427 U.S. at 110. The transcript of Holland's trial discloses that the prosecutor informed both the court and Holland that Robison had made statements to another witness that might involve Brady material and that the government did not intend to call Robison as a witness. The court then recessed for one and one-half hours. Since Holland knew Robison, who was available, Holland could have talked with Robison during the recess. We therefore find that the government met its obligations under Brady by informing Holland of Robison's statement.
 
 
 5
 United States v. Bales, 813 F.2d 1289 (4th Cir.1987), lists the criteria for determining when newly-discovered evidence mandates a new trial:
 
 
 6
 (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the evidence would probably produce an acquittal.
 
 
 7
 Id. at 1295. Unless the evidence satisfies the entire test, a new trial is not appropriate. United States v. Chavis, 880 F.2d 788, 793 (4th Cir.1989).
 
 
 8
 Holland argues that both Robison's testimony and government witness Michael Vogel's recantation constitute newly-discovered evidence under Bales. Robison, who did not testify at Holland's trial, testified before a grand jury that neither he nor Holland knew the contents of the trucks they drove. Vogel, a drug leader who testified against Holland, now states by affidavit that contrary to his earlier testimony, he did not promise to pay or actually make any payment to Holland for driving the truck filled with marijuana. Vogel added that if any payments were made, they must have been made by someone else, probably one of Vogel's associates.
 
 
 9
 The evidence against Holland remains compelling. Several law enforcement witnesses and five of Holland's coconspirators testified extensively at trial, and two of the coconspirators testified that Holland knew his truck carried marijuana. As the district court concluded, even if the proferred evidence satisfied the first four factors of the Bales test, it would probably not result in Holland's acquittal at a new trial in view of the persuasive testimony of his guilt.
 
 
 10
 The district court did not abuse its discretion by denying Holland's motion for a new trial. We find that Holland's remaining arguments lack merit, and we therefore affirm the decision of the district court.
 
 
 11
 AFFIRMED.